**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Jerry Davis, *et al.*,

        Plaintiffs,                      Case No.  1:12cv669

        v.                             Judge Michael R. Barrett

Cincinnati Board of Park
Commissioners, *et al.,*

        Defendants.

## OPINION & ORDER

This matter is before the Court upon Defendant City of Cincinnati's Motion to Dismiss.  (Doc. 4.)  Plaintiffs filed a Response.  (Doc. 11).  The City did not file a Reply.

## I.    BACKGROUND

Plaintiffs are residents of downtown Cincinnati who used Washington Park before its renovation.  (Doc. 1, ¶¶ 5-7).   Plaintiffs bring this action against the Cincinnati Board of Park Commissioners and its Director, Willie F. Carden.  (Id., ¶¶ 8-9).  Plaintiffs are challenging the constitutionality of Park Board Rule 28, which Plaintiffs claim allows the Park Board to create, alter, and adopt new rules outside public legislative channels by merely erecting signs.  (Id., ¶ 14).  Plaintiffs allege that the Park Board has created special rules for the newly renovated Washington Park by erecting signage pursuant to Rule 28.  (Id., ¶ 1).  Rule 28 provides:

> Signs posted by the authority of the Board of Park Commissioners for specific purposes on any park property become a part of these rules and regulations, and any violation of any order or prohibition posted on any sign is subject to penalties imposed herein.

(Id., ¶ 14).   Plaintiffs explain that these special rules for Washington Park are

dramatically different from the rules which apply to all Cincinnati parks.  (Id., ¶ 17).  As examples, Plaintiffs cite to the rules prohibiting dropping off food or clothing, or rummaging in trash and recycling containers.  (Id.)

In their Motion to Dismiss, Defendants explain that before Plaintiffs filed their Complaint, the signs were removed from Washington Park, and on September 20, 2012, the Park Board repealed Rule 28 in its entirety.  (Doc. 4-1).  Defendants argue that Plaintiffs' claims are now moot.

## II.    ANALYSIS

### A.  Motion to Dismiss Standard

When reviewing a 12(b)(6) motion to dismiss for failure to state a claim, this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)).  "[T]o survive a motion to dismiss, a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'"  *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

### B.  Mootness

"Article III of the Constitution confines the power of the federal courts to

adjudication of 'cases' or 'controversies.' " *Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 981 (6th Cir. 2012) (quoting *Kentucky Right to Life, Inc. v. Terry*, 108 F.3d 637, 644 (6th Cir.1997)).  "The mootness doctrine, a subset of the Article III justiciability requirements, demands a live case-or-controversy when a federal court decides a case."  *Id.* (citation omitted).  "Legislative repeal or amendment of a challenged statute while a case is pending on appeal usually eliminates this requisite case-or-controversy because a statute must be analyzed by the . . . court in its present form."  *Id.*

However, as an exception to this general rule, "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Ne. Florida Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 508 U.S. 656, 662 (1993) (quoting *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)).  "This exception properly applies only when a recalcitrant legislature clearly intends to reenact the challenged regulation." *Kentucky Right to Life, Inc. v. Terry*, 108 F.3d 637, 645 (6th Cir. 1997); *see*, *e.g.*, *City of Mesquite v. Aladdin's Castle*, 455 U.S. 283, 289 n. 11 (1982) (holding that case was not moot because the city had announced its intention to reenact the provision if the case was dismissed).

Defendants have not expressed any intention to reinstate Rule 28.  However, Plaintiffs point out that on November 16, 2012, the Park Board amended its rules to prohibit rummaging through garbage cans and dropping off food or clothing.

As this Court has explained, "a new policy that disadvantages Plaintiffs in the same fundamental way as the old one, albeit to a possible lesser degree, does not moot the case."  *Univ. of Cincinnati Chapter of Young Americans for Liberty v. Williams*, 1:12-

CV-155, 2012 WL 2160969, *2 n.1 (S.D. Ohio June 12, 2012).  Courts should determine the "gravamen of petitioner's complaint."  *Id.* (quoting *Ne. Fla. Chapter of Assoc. Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 662 (1993)). The constitutionality of an ordinance is not moot where "[w]ithout any adjudication of the constitutionality of the old ordinance, the plaintiffs would be subject to the same injury but in a slightly modified form."  *Associated Gen. Contractors of Am. v. City of Columbus*, 172 F.3d 411, 420 (6th Cir. 1999); *see also Cam I, Inc. v. Louisville/Jefferson Cnty. Metro Gov't*, 460 F.3d 717, 720 (6th Cir. 2006) ("where the changes in the law arguably do not remove the harm or threatened harm underlying the dispute, 'the case remains alive and suitable for judicial determination.'") (quoting *Hadix v. Johnson*, 144 F.3d 925, 933 (6th Cir. 1998)).

In addition, a distinction is to be made "between claims seeking declaratory and injunctive relief, which may be mooted by the repeal of a statute, and claims seeking monetary relief, which generally are not mooted."  *Tini Bikinis-Saginaw, LLC v. Saginaw Charter Twp.*, 836 F. Supp. 2d 504, 520 (E.D. Mich. 2011).  "The existence of this damages claim preserves the plaintiffs' backward-looking right to challenge the original law and to preserve a live case or controversy over that dispute."  *Midwest Media Prop., L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 461 (6th Cir. 2007) (citing *Blau v. Fort Thomas Pub. Sch. Dist.*, 401 F.3d 381, 387 (6th Cir. 2005).

However, given the state of the record at this time, the Court finds that the best course of action is to permit Plaintiffs to amend their complaint to include the November 16, 2012 amendments to the Park Board rules.  Following the filing of the amended complaint, Defendants would be free to renew their motion to dismiss and raise any

4

applicable grounds for dismissal.  *See Drake v. City of Detroit, Michigan*, 266 F. App'x 444, 448 (6th Cir. 2008) (amended complaint renders original complaint a nullity, because an amended complaint supercedes all prior complaints) (citing *Pintando v. Miami–Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007)).

### III. <u>CONCLUSION</u>

Based on the foregoing, Defendant the City of Cincinnati's Motion to Dismiss (Doc. 4.) is **DENIED**.  Plaintiffs shall file their amended complaint within fourteen (14) days of entry of this Order.

**IT IS SO ORDERED.**

*s/Michael R. Barrett*
JUDGE MICHAEL R. BARRETT